COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Hodges


DYNALECTRIC COMPANY AND
 CONTINENTAL CASUALTY COMPANY

                                        MEMORANDUM OPINION*
v.    Record No. 2478-02-4                  PER CURIAM
                                         FEBRUARY 11, 2003
TIMOTHY DEAN DOWNING


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Joseph C. Veith III; Trichilo, Bancroft,
            McGavin, Horvath & Judkins, P.C., on brief),
            for appellants.

            (William H. Schladt; Ward & Klein, Chartered,
            on brief), for appellee.


        Dynalectric Company and its insurer (hereinafter referred
to as "employer") contend the Workers' Compensation Commission
erred in finding that Timothy Dean Downing (claimant) proved
that (1) his disability beginning April 10, 2001 was causally
related to his compensable June 26, 1999 neck injury; and (2) he
was totally disabled beginning April 10, 2001 and, therefore,
was not required to prove he adequately marketed his residual
work capacity.  Upon reviewing the record and the parties'
briefs, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.
Rule 5A:27.

────────────────────────

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In ruling that claimant met his burden of proving causally related total disability as of April 10, 2001, the commission found as follows:

> [I]n 1999, the treating doctors determined that a cervical fusion was necessary. The claimant elected to continue working as long as medication could control the pain. The uncontradicted evidence is that on April 10, 2001, the claimant returned to Dr. [Robert D.] Gerwin wanting to proceed with surgery because the pain had worsened to the point that medication did not control it sufficiently to allow him to work. Dr. Gerwin, the treating physician, has indicated that the claimant was totally disabled as of this date. Dr. [Edward F.] Aulisi, the treating neurosurgeon, has also indicated that the claimant needs surgery and is disabled. The medical records reflect a worsening of the claimant's symptoms since April 10, 2001. An MRI has shown central disc herniations at C5-6 and C6-7. Dr. Aulisi and Dr. Gerwin have related the disc herniations to the compensable injury. Dr. [Michael W.] Dennis, who saw the claimant at the request of the employer, initially focused his examination on the claimant's back. He also appears to be mistaken that the claimant was working when seen on November 8, 2001. [Thus,] . . . his subsequent addendum concerning the neck without any additional evaluation is not persuasive or sufficient to overcome the opinions of the treating

- 2 -

physicians. In reaching our decision, we are cognizant that the claimant considered accepting work as a project manager after April 10, 2001. However, he also testified knowledgeably and credibly as to reasons for not pursuing this opportunity. In addition, Dr. Gerwin has specifically stated that the claimant could not work as a project manager. In view of his worsening condition, both treating physicians' statements that he was totally disabled, and pending surgery, we are persuaded that the claimant was totally disabled as of April 10, 2001, and continuing.

Based upon the medical records and opinions of Drs. Gerwin and Aulisi, along with claimant's testimony, the commission could reasonably infer that claimant was totally disabled as of April 10, 2001, as a result of his compensable neck condition. In his July 15, 2001 letter, Dr. Gerwin unequivocally opined that claimant had been totally disabled as of April 10, 2001, that he suffered from herniated discs at C5-6 and C6-7, and that he should undergo two-level cervical fusion. On July 2, 2001, Dr. Aulisi opined that claimant is currently temporarily disabled. Previously, in an August 6, 1999 report, Dr. Gerwin opined that claimant sustained "an acute injury to the cervical spine that occurred in June, 1999 while at work, leaving him with neck pain, restricted movement of the neck, and radicular symptoms in the arms." Dr. Aulisi previously opined in a September 7, 1999 report that claimant's disc herniations were causally related to his compensable June 26, 1999 injury by accident. Claimant testified that as of April 10, 2001, his

neck pain had worsened, going down into his shoulders and hands. He also testified in depth as to why he was unable to work. In addition, claimant testified that Dr. Gerwin told him to have the surgery and "that work was out of the question, to continue lifting and doing my type of work."

The medical records and opinions of Drs. Gerwin and Aulisi, coupled with claimant's testimony, provide credible evidence to support the commission's findings. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). As fact finder, the commission was entitled to weigh the medical evidence, to accept the opinions of Drs. Gerwin and Aulisi, and to reject any contrary opinion of Dr. Dennis. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Moreover, "[q]uestions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

For these reasons, we affirm the commission's decision.

Affirmed.